UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Magistrate Docket No. **'08 MJ 09 05** |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATION OF: |
| v. | ) | |
| | ) | Title 8, U.S.C., Section 1326 |
| **Aldo VELASCO-Garcia,** | ) | Deported Alien Found in the |
| | ) | United States |
| | ) | |
| Defendant | ) | |
| | ) | |

The undersigned complainant, being duly sworn, states:

On or about **March 22, 2008** within the Southern District of California, defendant, **Aldo VELASCO-Garcia,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **24**th **DAY** OF **MARCH 2008**

William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Aldo VELASCO-Garcia

### PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On March 22, 2008, Border Patrol Agent N. Crawford was assigned to line watch duties in the Imperial Beach Border Patrol Station area of operations. At approximately 2:45 A.M., National Guard, who was operating an infrared scope at the East Scope position, informed agents in the area, via Agency radio that they had a visual of four subjects running north from the United States/Mexico Border towards an area commonly referred to as the "Whisky 3 1/2". "Whisky 3 1/2" is approximately one miles west of the San Ysidro, California, Port of Entry, and is approximately ten yards north of the United States/Mexico International Boundary Fence. This area is frequently used by illegal aliens to further their illegal entry into the United States.

As Agent Crawford responded to an area north of the subject's position, National Guard, who was operating an infrared scope at the East Scope position, advised them that they no longer had visual of the subjects. Agent Crawford positioned himself at the north end of the "Whisky 3 1/2" and waited for the subjects to approach his position. After a brief wait, Agent Crawford observed three individuals walking north towards his stationary position. When the individuals were approximately 15 feet away, Agent Crawford identified himself as a United States Border Patrol Agent. One of the subjects, who was significantly in front of the other individuals, immediately ran eastbound away from the agents' position. Agent Crawford immediately gave chase and after approximately one hundred yards was able to catch the subject and detain him.

Due to the close proximity to the United States/Mexico Border, the fact that East Scope was able to observe the individuals running north from the United States/Mexico International Boundary fence, and the fact that the subject ran from the agent, Agent Crawford again identified himself as a United States Border Patrol Agent, and conducted an immigration inspection. The subject, later identified as the defendant **Aldo VELASCO-Garcia**, freely admitted to being a citizen and national of Mexico, illegally in the United States, and did not possess any immigration documents that would allow him to legally enter or remain in the United States.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **March 17, 2008** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was read his Miranda rights, which he acknowledged and was willing to make a statement without an attorney present. The defendant stated that he was a citizen and national of Mexico without valid immigration documents to enter or remain within the United States legally. The defendant stated that he had not applied for permission to re-enter the United States following his deportation.

**CONTINUATION OF COMPLAINT:**
Aldo VELASCO-Garcia

Executed on March 22, 2008 at 9:00 a.m.

Carlos R. Chavez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on March 22, 2008, in violation of Title 8, United States Code, Section 1326.

William McCurine Jr.
United States Magistrate Judge

3/24/08, 1338 hr
Date/Time